UNITED STATES COURT OF APPEALS
**Filed 9/30/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARCUS LANTEL RASHADA,

Defendant-Appellant.

No. 96-1012
(Dist. of Colorado)
(D.C. No. 95-CR-161-N)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.


After examining the briefs and the appellate record, this three-judge panel has unanimously determined that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Marcus L. Rashada appeals the sentence entered against him on January 5, 1996, in the United States District Court for the District of Colorado, following his conviction under 21 U.S.C. § 844(a). This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirms the sentence imposed by the district court.

On April 27, 1995, Appellant was charged with a two count indictment: 1) possession with intent to distribute more than five (5) grams of cocaine base; and 2) possession of more than five (5) grams of cocaine base. The district court treated the second count of possession as a lesser-included offense of the first count. The jury convicted Appellant of the second count, and was unable to reach a unanimous verdict with regard to the first count. Appellant then filed a "Motion to Declare Sentencing Provisions of Title 21 U.S.C. § 844(a) and U.S.S.G. § 2D2.1(b)(1) Unconstitutional." The district court denied Appellant's motion and sentenced him to 63 months.

Appellant claims again on this appeal that 21 U.S.C. § 844(a) and the corresponding U.S.S.G. § 2D2.1(b)(1) violate his due process and equal protection rights under the Fifth Amendment. Whether Appellant's proposed sentence was unconstitutional is a legal question subject to de novo review. *United States v. Angulo-Lopez*, 7 F.3d 1506, 1508 (10th Cir. 1993).

Appellant contends that sentencing him as if he had committed possession of cocaine base with intent to distribute, even though the jury did not find him guilty of that charge, violated his due process and equal protection rights under the Fifth Amendment. This court has held that social legislation, such as a crimes classification statute, "is presumed valid and we will sustain its nonsuspect classification system against an equal protection challenge if it is rationally related to a legitimate state interest. Essentially the same rational relationship test applies for a substantive due process challenge." *United States v. Mendes*, 912 F.2d 434, 438 (10th Cir. 1990)(citation omitted).

Basing the severity of a sentence on the amount or type of drug possessed does not violate equal protection or due process. *See id.* at 438-39; *United States v. McKneely*, 69 F.3d 1067, 1080 (10th Cir. 1995). Congress has rationally concluded that possession of more than five (5) grams of cocaine base is a serious crime which should be severely punished. Thus, 21 U.S.C. § 844(a) mandates severe sentencing for persons possessing more than five (5) grams of cocaine base. Appellant was convicted under § 844(a) which provides that any person convicted of possession of more than five (5) grams of a mixture or substance containing cocaine base shall be imprisoned not less than five (5) years and not more than twenty (20) years.

U.S.S.G. § 2D2.1(b)(1) sets the offense base level for possession offenses. It provides as follows:

> If the defendant is convicted of possession of more than 5 grams of a mixture or substance containing cocaine base, apply § 2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking) as if the defendant had been convicted of possession of that mixture or substance with intent to distribute.

By adopting by reference the offense level set for possession with intent to distribute cocaine base, this provision operates merely as the mechanism effectuating the directive of § 844(a) that one possessing more than five (5) grams of cocaine base should be severely punished. The statutory scheme equates the seriousness of possession of more than five grams of cocaine with the seriousness of possession with the intent to distribute the same amount. Such a determination is not beyond the rational discretion of Congress. Furthermore, the scheme does not result in a sentence exceeding the maximum authorized by § 844(a). Thus, this method of determining a sentence is rationally related to the mandate of § 844(a).

This court likewise holds that the sentencing scheme employed in this case did not result in a sentence that is unconstitutionally disproportionate. As the United States Supreme Court has observed, "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

The 63 month sentence was within the sentencing guideline and is not unconstitutional. For the reasons set forth above, we **AFFIRM** the sentence imposed by the United States District Court for the District of Colorado. The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge